
Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | John W. Darrah |
|---|---|---|---|
| CASE NUMBER | 98 C 7669 | DATE | March 24, 2003 |
| CASE TITLE | United States of America ex rel. Perkins v. Mote | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Petition for a Writ of *Habeas Corpus*

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing [held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference [held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial [set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs [by/agreement/pursuant to]
     ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] . Enter memorandum order and opinion. For the attached reasons, Perkins' petition for a writ of *habeas corpus* is DENIED. All pending dates and motions are terminated as moot.

(11) ☐ [For further detail see order on the reverse side of the original minute order.]

| | | | number of notices | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | MAR 2 5 2003 | |
| | Notified counsel by telephone. | | date docketed | 20 |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | 15 docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| JHC courtroom deputy's initials | | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) <br> ex rel. BRYON PERKINS (#B62956), ) <br> ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> ) <br> STEVEN D. MOTE,¹ Warden, ) <br> Pontiac Correctional Center, ) <br> ) <br> Respondent. ) | Case No. 98 C 7669 <br><br> Hon. William J. Hibbler |

## MEMORANDUM AND ORDER

Petitioner Bryon Perkins, a prisoner in state custody, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the following reasons, his request for relief under § 2254 is denied.

## I. FACTS AND PROCEDURAL HISTORY

Under 28 U.S.C. § 2254(e)(1), unless a petitioner provides clear and convincing evidence to the contrary, a determination of a factual issue by the state court is presumed correct for the purposes of *habeas* review. *Davis v. Litscher*, 290 F.3d 943, 946 (7th Cir. 2002). Perkins has not presented clear and convincing evidence rebutting the presumption of factual correctness; therefore, this court

---

¹ Steven D. Mote is currently the Warden at the Pontiac Correctional Center and is thus the proper respondent in this *habeas* action. *See* Rule 2(a) of the Rules Governing *Habeas Corpus* Cases under 28 U.S.C. § 2254. This court hereby substitutes Mote as the respondent. *See* Fed. R. Civ. P. 25(d)(1).

will adopt the Illinois Appellate Court's recitation of the facts in *People v. Perkins*, No. 95-0648 (1st Dist. May 12, 1997) (unpublished order).

Following a jury trial in the Circuit Court of Cook County, Perkins was convicted of one count of first degree murder, two counts of attempt first degree murder, and three counts of armed robbery. The court sentenced Perkins to natural life for the first degree murder conviction and to five consecutive terms of 30 years imprisonment for the remaining convictions.

On direct appeal, Perkins raised five issues, including: (1) the trial court erred in denying defense counsel's request for a fitness hearing or in the alternative, counsel was constitutionally ineffective for failing to explain to the trial court that Perkins' psychological reports were old; (2) he was denied his constitutional right to confront witnesses because he spent the first day of trial in lockup listening to the trial via microphone; (3) the trial court denied him the right to a fair trial by failing to grant defense counsel's request for a continuance; (4) he was prejudiced by the State's improper opening statement and rebuttal closing argument; and (5) the trial court failed to adequately address his allegations of ineffective assistance of counsel that he asserted at his sentencing hearing. On May 12, 1997, the Illinois Appellate Court affirmed the judgment of the trial court.

Perkins filed a petition for leave to appeal to the Illinois Supreme Court bringing three claims: (1) the trial judge did not have discretion to allow Perkins to absent himself from court during the first day of his trial; (2) the appellate court erred in approving the trial judge's denial of counsel's request for a continuance; and (3) the appellate court erred in approving the trial court's denial of Perkins' allegations of ineffective assistance of counsel that he made at sentencing. The Illinois Supreme Court denied Perkins' petition for leave to appeal on October 1, 1997.

On January 5, 1998, Perkins filed a *pro se* post-conviction petition pursuant to the Illinois Post-Conviction Hearing Act, 725 ILCS 5/122-1. On February 4, 1998, the Circuit Court of Cook County dismissed the petition without a hearing. Perkins did not appeal the denial of his Illinois post-conviction petition to the Illinois Appellate Court or file a petition for leave to appeal the Illinois Supreme Court.

Perkins filed his *habeas* petition with this court on November 30, 1998, bringing the following claims: (1) ineffective assistance of trial and appellate counsel; (2) due process violations due to an impartial judge; (3) Sixth Amendment violations based on the denial to confront witnesses; (4) prosecutorial misconduct; (5) the trial court failed to adequately address his allegations of ineffective assistance of counsel that he made at sentencing; (6) the trial court's denial of a continuance violated his Sixth Amendment right to present a defense; and (7) the trial court abused its discretion when it denied him a fitness hearing.

## II. PROCEDURAL DEFAULT

### A. STANDARD

Before reviewing the Illinois Appellate Court's merits decision, this court must determine whether Perkins presented his federal *habeas* claims to the state courts because claims not presented to the state's highest court are procedurally defaulted. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999);[2] *Mahaffey v. Schomig*, 294 F.3d 907, 914-15 (7th Cir. 2002). In other words, a *habeas* petitioner's failure to pursue a discretionary appeal to the state's highest court, in this case

---

[2] Although Perkins' *habeas* petition was filed prior to the United States Supreme Court's decision in *Boerckel*, the Seventh Circuit has retroactively applied *Boerckel*. *See Rittenhouse v. Battles*, 263 F.3d 689, 697 (7th Cir. 2001).

3

a petition for leave to appeal the Illinois Supreme Court, constitutes a procedural default barring federal *habeas corpus* review. *See Boerckel*, 526 U.S. at 845.

A federal court may not grant *habeas* relief on a procedurally defaulted claim unless the petitioner can establish cause for the default and actual prejudice as a result of the alleged violation of federal law or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Mahaffey*, 294 F.3d at 915. The existence of "cause" to overcome procedural default requires a showing of an external objective impediment that prevented the petitioner from making his claim. *See Murray v. Carrier*, 477 U.S. 478, 488, 492 (1986). Examples of "external objective impediments" include the unavailability of a factual or legal basis for the claim at the time of the *habeas* filing or interference by state officials. *See id.* at 488.

### B   DIRECT APPEAL CLAIMS DEFAULTED

Although Perkins made five arguments on direct appeal, he only made three arguments in his petition for leave to appeal the Illinois Supreme Court. Accordingly, only the claims made to the Illinois Supreme Court survive procedural default. *See Boerckel*, 526 U.S. at 845 (failure to pursue discretionary appeal to the Illinois Supreme Court constitutes procedural default). The defaulted claims include allegations of an impartial judge, prosecutorial misconduct, and the trial court's denial of a fitness hearing or in the alternative that counsel was ineffective by not explaining to the trial court that Perkins' psychological reports were old. Perkins gives no explanation for the default, that is, cause and prejudice or that a fundamental miscarriage of justice would occur if this court did not review these issues. *See Coleman*, 501 U.S. at 750. Thus, this court cannot review the merits of these claims brought in Perkins' federal *habeas* petition.

## C. POST-CONVICTION CLAIMS DEFAULTED

Perkins addressed four of his five federal *habeas* claims of ineffective of assistance of trial and appellate counsel in his Illinois post-conviction petition, but failed to appeal the trial court's dismissal of that petition. He also failed to file a petition for leave to appeal to the Illinois Supreme Court. Because Perkins failed to file a petition for leave to appeal to the Illinois Supreme Court, these ineffective assistance of trial and appellate counsel claims are procedurally defaulted. *See Boerckel*, 526 U.S. at 845.

This court, therefore, examines whether Perkins has overcome this procedural default by establishing cause and prejudice or that a miscarriage of justice will occur if this court does not address these defaulted claims. *See Coleman*, 501 U.S. at 750. Perkins argues that his failure to appeal the dismissal of his post-conviction petition was due to his inability to obtain a lawyer and because of his mental illness. Perkins' first argument does not overcome procedural default because it is well-established that a petitioner does not have a constitutional right to counsel during Illinois post-conviction proceedings. *See id.* at 756-57; *Pitsonbarger v. Gramley*, 141 F.3d 728, 737 (7th Cir. 1998). His second argument that his mental illness prohibited him from appealing his post-conviction petition does not establish "cause" because it is not an objective external impediment that prevented him from making his claim. *See Murray*, 477 U.S. at 488; *Cawley v. DeTella*, 71 F.3d 691, 696 (7th Cir. 1995) (mental depression does not constitute cause). Because Perkins has not established cause and prejudice or a miscarriage of justice, this court cannot review the merits of these ineffective assistance of counsel claims.

## III. DISCUSSION

Three of Perkins' federal *habeas* claims survive procedural default: (1) his Sixth Amendment rights were violated based on the denial to confront witnesses; (2) the trial court failed to adequately address his allegations of ineffective assistance of counsel he made at sentencing; and (3) the trial court's denial of a continuance violated his Sixth Amendment right to present a defense. This court now turns to the merits of these claims.

A.  **LEGAL STANDARD**

Under 28 U.S.C. § 2254(d)(1), a federal court may grant a prisoner's *habeas corpus* petition if the state court's adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." *See* 28 U.S.C. § 2254(d)(1). A state court's decision is contrary to clearly established Supreme Court precedent "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law" or "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to ours." *Williams v. Taylor*, 529 U.S. 362, 405 (2000).

A state court's decision is an unreasonable application of clearly established Supreme Court precedent "if the state court identifies the correct governing legal rule from this Court's cases but unreasonably applies it to the facts of a particular prisoner's case" or "if the state court either unreasonably extends a legal principle from our precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Id.* at 407. In order for a state court decision to be considered unreasonable under this standard it must be more than incorrect, it must lie "well outside the boundaries of permissible differences of opinion." *See Hardaway v. Young*, 302 F.3d 757, 762 (7th Cir. 2002); *see also Schultz v. Page*, 313 F.3d 1010,

6

1015 (7th Cir. 2002) (reasonable state court decision must be minimally consistent with facts and circumstances of case).

## B. SIXTH AMENDMENT RIGHT TO CONFRONTATION

Perkins claims that he was denied his constitutional right to confront witnesses because he was in lock-up during the first day of his trial listening to the proceedings via microphone. The record reveals that before the opening statements at his trial, Perkins began shaking violently, hitting counsel's table, and making inappropriate remarks to the deputy sheriff. The judge called a recess during which defense counsel spoke with Perkins in an attempt to calm him. The judge advised counsel that Perkins could return to the courtroom if he acted properly, otherwise he would have to listen to the trial from the lock-up. The judge then directly asked Perkins about his behavior and Perkins replied that he would go in back to listen to the trial. Perkins remained in the lock-up for the first day of the trial.

The Confrontation Clause of the Sixth Amendment guarantees defendants the right to be present in the courtroom during every stage of their trials. *Illinois v. Allen*, 397 U.S. 337, 338 (1970). The right to confront witnesses can be waived through consent or by the defendant's misconduct in court. *See id.* at 342-43. ("defendant can lose his right to be present at trial if, after he has been warned by the judge that he will be removed if he continues his disruptive behavior, he nevertheless insists on conducting himself in a manner so disorderly, disruptive, and disrespectful of the court that his trial cannot be carried on with him in the courtroom"). Courts, however, indulge every reasonable presumption against waiver of a constitutional right. *Id.* (citation and quotations omitted).

The Illinois Appellate Court followed the law as set forth in *Allen* and concluded that Perkins consented to not be present at his trial, that is, he voluntarily absented himself from the proceedings. *See People v. Owen*, 102 Ill. 2d 145, 157 (1984) (defendant who voluntarily absents himself from a courtroom waives confrontation right). Specifically, the appellate court stated:

> [T]he record shows that after his outburst, the trial court asked defendant if he would "behave himself" in the courtroom. Defendant responded "I'll go in back." The trial court confirmed with defendant, "You want to sit and listen in the back?" to which defendant replied, "Yeah." Defendant was brought into the courtroom on the first day for witness identification purposes only, but returned to the courtroom on the second day of trial and remained present in the court for the remainder of trial.

*People v. Perkins*, No. 95-0648, at 13 (1st Dist. May 12, 1997) (unpublished order).

This court concludes that the Illinois Appellate Court reasonably applied clearly established Supreme Court law to the facts at hand. The appellate court reviewed the appropriate case law and evaluated the trial judge's questioning of Perkins regarding his desire to be in the courtroom. Because the Illinois court's conclusion is consistent with the facts and circumstances of the case, *see Schultz*, 313 F.3d at 1015, it is not an unreasonable application of Supreme Court law. Therefore, Perkins' *habeas* claim based on his Sixth Amendment right to confrontation fails.

### C. INEFFECTIVE ASSISTANCE CLAIM MADE AT SENTENCING

Perkins' next federal *habeas* claim is based on statements he made in allocution at his sentencing. Perkins stated that he believe he received ineffective assistance of trial counsel because his attorney failed to properly investigate the grounds for his case and did not obtain testimony of his doctors regarding his mental state. After his allocution, Perkins' attorney requested leave to amend Perkins' previously filed post-trial motion to add the issue of "incompetency of counsel."

8

The trial court denied this motion. Perkins never filed any other motion to the trial court regarding this claim. Now Perkins claims that the trial court did not properly address this issue.

Relying on state law, the Appellate Court of Illinois concluded that the trial court adequately addressed Perkins' claims of ineffective assistance of counsel that he made at sentencing. Specifically, the court concluded that because Perkins did not file a motion for a new trial addressing his allegations of ineffective assistance of counsel, but instead waited until his right of allocution to set forth this and other unfounded claims, Perkins did not properly present this claim to the trial court. *See People v. Nitz*, 143 Ill. 2d 82, 134 (1991) (defendant must present motion for new trial for consideration of ineffective assistance of counsel). Under the circumstances, the court reasoned, the trial court did not err by failing to examine the factual matters underlying Perkins' claims.[3]

This is a procedural issue governed by state law and the Illinois Appellate Court relied on state law in determining whether Perkins properly brought this claim to the trial court. "A federal court may not issue the writ on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *see also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("it is not the province of a federal *habeas* court to reexamine state-court determinations on state-law questions"). Therefore, this court cannot review the merits of Perkins' claim because it is not cognizable on collateral review.

### D. DENIAL OF CONTINUANCE

---

[3] The Illinois Appellate Court has repeatedly held that a defendant is best served bringing ineffective assistance of counsel claims in post-conviction proceedings so that a complete record can be made. *See People v. Neylon*, 327 Ill. App. 3d 300, 312 (Ill. App. Ct. 2002). This court notes that Perkins brought ineffective assistance of trial counsel claims in his Illinois post-conviction petition.

9

Based on *Taylor v. Illinois*, 484 U.S. 400 (1988), Perkins' last claim is that the denial of defense counsel's request for a continuance in order to call witnesses violated his Sixth Amendment right to present a defense. It is well-established that a criminal defendant has a constitutional right under the Sixth Amendment Compulsory Process Clause to present his or her own witnesses to establish a defense. *See Washington v. Texas*, 388 U.S. 14, 19 (1967). A criminal defendant's right to present a defense is violated only when the court denies him the opportunity to present witness testimony that would have been relevant and material to his defense. *United States v. Valenzuela-Bernal*, 458 U.S. 858, 867 (1982); *see also Washington*, 388 U.S. at 16 (potential testimony was relevant, material, and vital to defense, and thus, Sixth Amendment violation occurred).

The record reveals that Perkins' attorney wanted to call expert witnesses who treated Perkins for his mental condition. These expert witnesses were not available at the close of the State's case-in-chief. Accordingly, Perkins' attorney requested a continuance of the trial which the trial court denied. In reviewing Perkins' claim, the Illinois Appellate Court affirmed the trial court's conclusion that defense counsel failed to exercise diligence in securing the witnesses' testimony at trial. Furthermore, the appellate court concluded that Perkins failed to show that the potential testimony of the medical witnesses was material and relevant to his defense.

Although the Illinois Appellate Court did not specifically cite to Supreme Court case law, the court reasonably applied Supreme Court precedent when it concluded that the proposed testimony must be material and relevant to Perkins' defense. *See Early v. Packer*, 123 S.Ct. 362, 365 (2002) (state courts not required to cite Supreme Court cases or even be aware of such law, as long as neither the reasoning nor result of the state court's decision contradicts Supreme Court precedent). The Illinois Appellate court reasoned that the proposed testimony that Perkins "needs some sort of

treatment" was not relevant to Perkins' defense. The court also concluded that the potential testimony that Perkins was treated at a mental health center was not material or relevant.

This court concludes that the Illinois Appellate Court's decision was not outside the boundaries of permissible differences of opinion, *see Hardaway*, 302 F.3d at 762, and thus, is not unreasonable under § 2254(d)(1). Simply put, the appellate court applied the correct standard to the facts and circumstances of this case. *See Schultz*, 313 F.3d at 1015.

## IV. CONCLUSION

For the above reasons, Perkins' Petition for Writ of *Habeas Corpus* pursuant to 28 U.S.C. § 2254 [1-1] is denied and this case is dismissed with prejudice. This is a final judgment and the clerk of the court is directed to enter a Rule 58 judgment and terminate this case from the court's docket.

DATE: March 24, 2003

John W. Darrah
United States District Court Judge